## GORDON et ux. v. MORTGAGE REALTY CO.

### No. 11507.

Court of Civil Appeals of Texas. Galveston. March 4, 1943.

Rehearing Denied March 25, 1943.

See, also, 153 S.W.2d 707.

A. F. Sundermeyer, of Houston, for appellants.

Joel H. Berry, of Houston, for appellee.

MONTEITH, Chief Justice.

This action in trespass to try title was brought by appellee, Mortgage Realty Company, to recover from appellants, Charles Gordon and his wife, Hazel Gordon, the title to and possession of certain property in the City of Houston. Ella T. McCauley intervened, alleging that she had purchased the property during the pendency of the suit.

While the case was tried before a jury no issues were submitted and none were requested which would, we think, have affected this appeal. The trial court found in the judgment entered from undisputed documentary evidence, oral testimony and written stipulations that appellants had executed a note for the sum of $2,500, secured by a deed of trust on the property involved and payable to the Illinois Standard Mortgage Company; that said note and the deed of trust lien securing it had passed by regular mesne conveyances and assignments into Metropolitan Service Corporation and that thereafter, through "appropriate foreclosure proceedings", said deed of trust had been foreclosed and that Realty Purchase Corporation became the purchaser thereof at foreclosure sale; that Realty Purchase Corporation had conveyed said property to appellee, Mortgage Realty Company, who had conveyed it to intervenor, Ella T. McCauley. Judgment was rendered in favor of appellee and that appellants take nothing by their suit in accordance with the facts so found.

It was stipulated by the parties that appellee, Mortgage Realty Company, was the common source of title of the property involved and that it had conveyed said property to appellants, who assumed a note for the sum of $2,400 payable to Illinois Standard Mortgage Corporation as a part of the purchase price therefor; and that later appellants had executed and delivered to the Illinois Standard Mortgage Corporation their note for the sum of $2,500 in renewal and extension of their $2,400 note and certain advances made for the payment of taxes, and that they had given a deed of trust on the property involved to R. W. Akin, trustee, to secure its payment. Thereafter, under date of November 25, 1933, Illinois Standard Mortgage Corporation, the original payee of said $2,500 note, transferred said note and deed of trust lien to Central Republic Trust Company, trustee, its successors and assigns. This transfer was made by written assignment and the following endorsement on the back of said note: "For value received this note is hereby transferred to Central Republic Trust Co., Trustee, principal and interest thereon being guaranteed." This note and the deed of trust lien by which it was secured passed by a regular chain of mesne conveyances and assignments from Central Republic Trust Company into Metropolitan Service Corporation.

By an instrument dated September 22, 1936, Metropolitan Service Corporation removed R. W. Akin as trustee under said deed of trust and appointed Ira P. Trotter as substitute trustee thereunder and, said note then being in default, the substitute trustee was requested to post notices and to sell said property under the terms of said deed of trust.

Under the terms of said deed of trust the owner and holder of the note had the legal right, upon default, to declare the indebtedness due, to remove the trustee and to appoint a substitute trustee and to request the substituted trustee to sell the property and to become the purchaser thereof at foreclosure sale.

Acting under such instructions, the property involved was sold at public sale by Ira P. Trotter, as substitute trustee, under the terms of said deed of trust on January 5, 1937, and trustee's deed was executed and delivered to the purchaser, Realty Purchase Corporation, on that date.

The controlling question presented in the appeal is whether Ira P. Trotter was legally appointed substitute trustee under said deed of trust. Appellants contend that his appointment as substitute trustee was made by an agent without proper authority to make the appointment and that the sale made thereunder did not pass the title to the property involved. This contention, we think, cannot be sustained.

This is the second appeal in this case. In a former appeal (reported in, Tex.Civ. App., 153 S.W.2d 707) this court reversed and remanded the case on the ground that certain necessary facts in connection with appellee's chain of title had not been established by proper proof. In the trial upon which this appeal is based, the trial court found upon what we consider to have been sufficient evidence that, "from the pleadings, stipulations and undisputed evidence", said $2,500 note and the deed of trust lien securing it passed, through mesne conveyances, assignments and transfers, into Metropolitan Service Corporation, which became the owner and holder thereof, and that thereafter, "through appropriate foreclosure proceedings", the deed of trust lien securing the payment of said $2,500 note was foreclosed and Realty Purchase Corporation, appellee's predecessor in title, became the purchaser thereof at said foreclosure sale. The trial court based his findings of above facts upon the original instruments evidencing the assignments of said note and deed of trust lien, indentures of trust securing them, the consolidations of certain trustee corporations, and their changes of names brought about by such consolidations. The instruments introduced included proof that "Central Republic Trust Company resigned and ceased to be such trustee; that the City National Bank and Trust Company was appointed as successor trustee in place of the Central Republic Trust Company, and that it accepted such appointment", facts upon which this court based its action on the former appeal in reversing and remanding this case. With the exception of two auditor's certificates, which the auditor of public accounts of the State of Illinois would not permit to leave the State, the above muniments of title and facts supporting them were evidence by original instruments. These two certificates, however, were identified and compared by a witness by deposition and certified copies thereof were attached to his deposition.

In addition to the introduction of the original instruments establishing appellee's record title to said note and deed of trust lien above referred to, appellee introduced in evidence the depositions of the officers of said corporations who identified the original documents introduced and explained the circumstances of their execution.

We have carefully considered all other points presented in appellants' brief. None of them, in our opinion, show error in the record which requires a reversal of the case.

The judgment of the trial court will be, in all things, affirmed.

Affirmed.